IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICIA BARNES-DILLON, on behalf of herself and others similarly situated, § § § *Plaintiff*, § § v. § § ABOUT YOU SITTING SERVICE, LLC, § ROBERT CONLEY, and ANDREA § RICHARDSON § § *Defendants*. | CIVIL ACTION NO. _____ JURY TRIAL DEMANDED COLLECTIVE ACTION |

**COLLECTIVE ACTION COMPLAINT**

### I.   SUMMARY

1. About You Sitting Service, LLC, a caregiving company providing services in Louisiana, Robert Conley, and Andrea Richardson (collectively "Defendants"), are violating the Fair Labor Standards Act ("FLSA") by forcing their employees to work a substantial amount of overtime without properly paying all compensation due, thus depriving them of rightful compensation for their work that Defendants are legally obligated to pay.

2. Plaintiff Patricia Barnes-Dillon[1] worked for Defendants as an in-home caretaker in Covington, Louisiana and was damaged by this illegal policy or practice. Plaintiff was denied the compensation she is due under the FLSA. Plaintiff brings this lawsuit on behalf of herself and all other similarly situated current or former, hourly-paid caretakers to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees, and costs owed to her individually and on behalf of other similarly situated individuals.

---

[1] Ms. Barnes-Dillon is formerly known as Patricia Barnes.

1

## II.     JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

4.      Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Eastern District of Louisiana.  28 U.S.C. § 1391(b)(2).

## III.    THE PARTIES

5.      Plaintiff worked for Defendants as a caretaker at their memory care facility in Covington, Louisiana.  She performed various services for Defendants' elderly clients, including but not limited to feeding, bathing, dressing, cleaning after the clients, providing companionship, and other caretaking-related services.  She regularly worked in excess of 40 hours per week without receiving all the compensation she was due under the FLSA.  Plaintiff Barnes-Dillon's consent is attached as Exhibit A.

6.      The class of similarly situated employees consists of all current and former hourly-paid caretakers, who were employed by Defendants during the three-year period preceding the filing of this Complaint.  These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7.      Defendant About You Sitting Service, LLC is a Domestic For Profit Limited Liability Company with a principal place of business at 27 Woodvine Ct., Covington, Louisiana 70433, that is engaged in commerce in the United States and is otherwise subject to the FLSA. Defendant employed Plaintiff within the meaning of the FLSA.  Defendant may be served with process by serving its registered agent, Robert M. Conley at 27 Woodvine Ct., Covington, Louisiana 70433.

8. Defendant Robert Conley is the co-owner and a principal of Defendant About You Sitting Service, LLC. He is an individual residing in Covington, Louisiana. Defendant Conley, upon information and belief, possessed control over About You Sitting Service's actual operations in a manner that directly relates to Plaintiff's employment and that of those similarly situated to Plaintiff. Defendant Conley directly affected employment-related factors such as workplace conditions and/or operation, personnel, and/or compensation. Robert Conley may be served with process at 27 Woodvine Ct., Covington, Louisiana 70433.

9. Defendant Andrea Richardson is the co-owner and a principal of Defendant About You Sitting Service, LLC. She is an individual residing in Covington, Louisiana. Defendant Richardson, upon information and belief, possessed control over About You Sitting Service's actual operations in a manner that directly relates to Plaintiff's employment and that of those similarly situated to Plaintiff. Defendant Richardson directly affected employment-related factors such as workplace conditions and/or operation, personnel, and/or compensation. Andrea Richardson may be served with process at 27 Woodvine Ct., Covington, Louisiana 70433.

## IV.   BACKGROUND

10. The preceding paragraphs are incorporated by reference.

11. Defendants provide both assisted living and in-home professional caretaking services for seniors, adults, and children who have complex non-medical needs. Defendants also provide care in hospital settings, nursing homes, long-term care facilities and assisted living facilities, including but not limited to healthcare, personal assistance, and companionship. Upon information and belief, Defendants employ other caretakers similarly situated to Plaintiff to take care of their clients.

12. Defendants' caretakers assist with each client's daily needs, such as bathing, dressing, feeding, cleaning after the clients, providing companionship, and other caretaking-related tasks. Upon information and belief, Plaintiff and Members of the Class regularly worked in excess of 40 hours per work week. However, Defendants did not pay their caretakers one and one-half times their regular rate for all hours in excess of 40 each week. Instead, Defendants only pays their caretakers straight time pay (no overtime) for all hours worked, including the hours worked in excess of 40 per week. As a result, Defendants fail to properly compensate their employees under the FLSA.

## V.   PLAINTIFF'S INDIVIDUAL ALLEGATIONS

### A.   *Defendants Failed to Properly Pay Regular and Overtime Compensation.*

13. The preceding paragraphs are incorporated by reference.

14. Plaintiff worked for Defendants as a caretaker, where she assisted senior clients with their daily needs, as described above. During her employment, Plaintiff frequently worked five consecutive days during a workweek. In a workweek, Plaintiff often worked approximately 14-hour days, which amounted to at least 70 hours or more per workweek.

15. Defendants paid Plaintiff a set hourly rate for each hour worked, and Plaintiff was paid weekly. However, Defendants paid Plaintiff straight-time only (no overtime) for all hours worked in excess of 40 hours per week, regardless of the number of hours suffered or permitted to work.

16. The FLSA requires Defendants to pay hourly compensation for each hour an employee is suffered or permitted to work, and to pay overtime compensation at one and a half times Plaintiff's regular rate of pay for each hour Plaintiff works in excess of 40 hours in a week.

Defendants should have paid Plaintiff for 40 hours of regular pay and at least 30 hours or more of overtime in a typical workweek, but Defendants failed to pay the Plaintiff that amount.

17. By failing to pay Plaintiff as described above, Defendants have deprived Plaintiff of a significant amount of regular and overtime compensation to which she is rightfully entitled.

### B. *Defendants Willfully Violated the FLSA.*

18. The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work. In addition, the FLSA and Department of Labor regulations set forth the proper means for calculating and paying minimum wage and overtime compensation to non-exempt employees like Plaintiff. Defendants failed to follow these rules when paying Plaintiff.

19. Defendants had a policy and/or practice of not paying their employees for all of the regular time and overtime they worked each week at the proper rate. Defendants should have paid their employees their regular rate for all hours worked, and they should have paid their employees overtime compensation at one and one-half their regular rates for all hours worked in excess of 40 per workweek.

20. Defendants know or have shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff.

### VI. COLLECTIVE ACTION ALLEGATIONS

21. The preceding paragraphs are incorporated by reference.

22. Plaintiff is aware that Defendants' illegal policies or practices have been imposed upon Members of the Class. Like Plaintiff, the Members of the Class are employed by Defendants as caretakers, who performed the same duties as Plaintiff, as described above. As with Plaintiff,

Members of the Class frequently work(ed) substantial amounts of overtime that was not properly compensated in accordance with the FLSA.

23. Upon information and belief, the Members of the class are/were also not properly paid for all hours suffered or permitted to worked, as described above with regard to Plaintiff.

24. Defendants' failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice. Specifically, upon information and belief, it is a policy and/or practice at Defendants to pay their employees for less than all of the regular and overtime hours a caretaker is suffered or permitted to work. As such, the Members of the Class are owed additional regular time and overtime compensation for precisely the same reasons as Plaintiff.

25. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> **All current and former hourly-paid caretakers, who were employed by Defendants during the three-year period preceding the filing of this complaint.**

26. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

27. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

### VII.  CAUSES OF ACTION

28. The preceding paragraphs are incorporated by reference.

29. As set forth above, Defendants violated the FLSA with respect to Plaintiff and Members of the Class by failing to pay at least minimum wage for all hours suffered or permitted to work in a week and by failing to provide proper overtime pay for all hours worked in excess of 40 hours in a week. 29 U.S.C. §§ 206, 207.

30. Plaintiff and Members of the Class are entitled to recover at least a minimum wage for all hours worked as well as overtime compensation, at one and one-half times their regular rate of pay, for all hours worked in excess of 40 hours in a week.

31. In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages and overtime wages.

32. Moreover, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs.  29 U.S.C. § 216 (b).

## VIII.  JURY DEMAND

33. Plaintiff demands a jury trial.  Any required jury fee has been or will be timely paid.

## PRAYER

WHEREFORE, Plaintiff requests that this Court award her and Members of the Class judgment against About You Sitting Service, LLC, Robert Conley, and Andrea Richardson for:

1. damages for the full amount of their unpaid wages;

2. damages for the full amount of their unpaid overtime compensation;

3. an amount equal to their unpaid wages and unpaid overtime compensation as liquidated damages;

4. reasonable attorneys' fees, costs and expenses of this action;

5. pre-judgment and post-judgment interest at the highest rate allowed by law; and

6. such other and further relief as may be allowed by law.

DATED this 18th day of November, 2019     Respectfully submitted,

By: /s Barrett Beasley
Barrett Beasley
Louisiana Bar Roll No. 25984
SALIM-BEASLEY, LLC
1901 Texas Street

Natchitoches, LA 71457
Telephone: (318) 352-5999
Facsimile: (318) 352-5998
Email: *bbeasley@salim-beasley.com*

*PENDING MOTIONS FOR*
*PRO HAC VICE ADMISSION*
Robert W. Cowan
Texas Bar No. 24031976
Katie R. McGregor
Texas Bar No. 24098079
BAILEY COWAN HECKAMAN, PLLC
5555 San Felipe Street, Suite 900
Houston, Texas 77056
Telephone: (713) 425-7100
Facsimile: (713) 425-7101
Email: *rcowan@bchlaw.com*
Email: *kmcgregor@bchlaw.com*